## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **CAROL HALL** | : | Case No. 1:20CV00925 |
| 569 N. Mulberry Street | : | |
| Wilmington, OH 45177 | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **MERCHANTS NATIONAL BANK** | : | |
| 100 North High Street | : | |
| Hillsboro, OH 45133 | : | |
| | : | |
| **Defendant.** | : | |

___

### COMPLAINT AND JURY DEMAND
___

Plaintiff Carol Hall, for her Complaint against Defendant Merchants National Bank, states as follows:

### I. Preliminary Statement

1. This is a civil rights action arising out of Plaintiff Carol Hall's employment with the Merchants National Bank. Ms. Hall alleges that she was terminated because of her age and retaliated against for protesting age discrimination.

2. Ms. Hall's claims arise under the Age Discrimination in Employment Act ("ADEA") and the Ohio Civil Rights Act.

3. Ms. Hall seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for both her economic and non-economic injuries. She also seeks punitive damages, equitable relief in the form of reinstatement or front pay, and her reasonable attorney fees and costs in prosecuting this matter.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protections and redress deprivations of rights conferred by the ADEA. This Court may assume supplemental jurisdiction over Ms. Hall's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from the same nucleus of operative facts as her federal claims.

5. Venue with this Court is appropriate because all or part of the claim for relief arose in the Southern District of Ohio.

## II. PARTIES

6. Plaintiff Carol Hall is a 74-year old United States citizen and a resident of Clinton County, Ohio. Ms. Hall was employed at Merchants National Bank's ("Merchants") location at 100 North High Street, Hillsboro, OH 45133.

7. Defendant is a bank located in Hillsboro, Ohio. Merchants is an "employer" as that term is defined under the ADEA and the Ohio Civil Rights Act.

## IV. ADMINISTRATIVE HISTORY

8. On or about November 5, 2019, Ms. Hall filed an administrative charge of discrimination (Charge No. 846-2019-24273) with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination and retaliation.

9. On August 17, 2020, the EEOC issued Ms. Hall a Notice of Right to Sue. Ms. Hall has brought this lawsuit within 90 days of receiving that notice.

## V. STATEMENT OF THE CASE

10. Merchants hired Ms. Hall on or about July 2006 as a Mortgage Loan Underwriter. As a Mortgage Loan Underwriter, Ms. Hall was responsible for

underwriting conventional and portfolio loans.  Throughout her employment, Ms. Hall received average performance reviews and raises.

11.	In 2015, Ms. Hall's supervisor, Linda Smith, began making condescending remarks to Ms. Hall, overly criticized her job performance, and consistently showed favoritism to Shelley Blair, a Merchants employee who also worked on underwriting assignments and is significantly younger than Ms. Hall.

12.	Because of this treatment, Ms. Hall retained legal counsel and considered taking legal action against the company for age discrimination.  Ms. Hall told Ms. Smith she had hired an attorney to investigate whether she was being discriminated against because of her age.

13.	After learning that Ms. Hall had retained legal counsel, Ms. Smith increased her criticisms of Ms. Hall's job performance.  Specifically, Ms. Smith chastised Ms. Hall for her turnaround times on files, accusing her of failing to have loans approved within a necessary timeframe.  And, in an unprecedented move, Ms. Smith also began sitting in on Ms. Hall's performance evaluations with Shawna Faul.

14.	In July 2018, Merchants scored Ms. Hall a 2.72 out of 4 on her performance review.  Ms. Hall complained to Ms. Faul that the criticisms within her evaluation were unfair and discriminatory because of her age.

15.	Ms. Faul discounted Ms. Hall's allegations that the criticisms were discriminatory.  Ultimately, Merchants did not conduct an investigation into Ms. Hall's complaints.

16.	In the fall of 2018, Nancy Horvath, Company Controller, told Ms. Hall that she overheard members of management discussing the company's plan to phase out older employees.

17. In or about January 2019, Ms. Smith, Ms. Faul, and—for the first time—Bertha Hamilton, Merchants' appointed human resources representative, conducted Ms. Hall's 2018 annual review. Merchants scored Ms. Hall's performance at a 2.66 out of 4. In that review, and in keeping with Ms. Smith's false criticisms of her performance, Ms. Hall was again criticized for alleged slow turnaround times and told that those times had to be improved.

18. During the review, Ms. Hall reiterated her concern that Merchants' criticisms of her work performance had no factual basis and were attributable to Ms. Smith's biases against her because of her age.

19. At the same time, Ms. Hall also stated—without naming Ms. Horvath—that a coworker had overheard management discussing a plan to phase out the older employees at Merchants.

20. In response, Ms. Faul told Ms. Hall that a 2.66 was not a bad score on a performance review. She also denied any allegations of age discrimination. Again, the company did no investigation into Ms. Hall's complaints.

21. Ms. Smith did not let up on her criticisms of Ms. Hall's performance. In April 2019, Ms. Hall went to Ms. Hamilton to reiterate her complaints of age discrimination. Ms. Hamilton was dismissive of Ms. Hall's complaints.

22. During that same meeting, Ms. Hamilton advised Ms. Hall that they could not meet without Ms. Hall's express authorization that any conversation between them be relayed to Jim Evans, President of Merchants.

23. In or about May 2019, Ms. Hall had a conversation with Tom Schoettle, Vice President and Chief Lending Officer at Merchants. During this conversation, Mr. Schoettle told Ms. Hall that she should update her resume, start looking for a new job,

and insinuated that the company was hiring younger employees and phasing out older employees.

24. In or about April 2019, Ms. Smith began holding loan files on her desk for an extended period of time in an effort to stall Ms. Hall's turnaround times. On a few occasions, Ms. Smith would hold on to files in excess of 25 days.

25. On July 29, 2019, Ms. Hall met with Mr. Evans. Mr. Evans presented Ms. Hall with a termination notice written by Ms. Smith. The termination notice listed a number of errors allegedly committed by Ms. Hall on loan documents. Many of the alleged errors were issues that Ms. Hall was not responsible for or were completely inaccurate.

26. The acts and/or omissions of Defendant were taken intentionally, maliciously, and purposefully, with a conscious disregard for Ms. Hall's rights under federal and state civil rights laws.

27. As a direct and proximate result of Defendant's actions, Ms. Hall has suffered and will continue to suffer damages from lost income and benefits, emotional distress, and damage to her professional reputation.

### V. STATEMENT OF THE CLAIMS

#### Count I: Age Discrimination
#### (ADEA and O.R.C. § 4112.02)

28. Plaintiff incorporates paragraphs 1 through 27 as if fully rewritten herein.

29. Ms. Hall was at least 40 years old at the time of the alleged discrimination.

30. Ms. Hall's employment was terminated.

31. Ms. Hall was qualified for the position.

32. Merchants terminated Ms. Hall because of her age.

33. As a result of Merchants' illegal actions, Ms. Hall has suffered damages including lost wages and emotional distress.

34. Merchants acted in bad faith.

## Count II: Retaliation
## (ADEA and O.R.C. § 4112.02)

35. Plaintiff incorporates paragraphs 1 through 34 as if fully rewritten herein.

36. Ms. Hall engaged in protected activity when she complained of age discrimination.

37. Merchants knew that Ms. Hall engaged in protected activity.

38. Merchants terminated Ms. Hall.

39. Ms. Hall's termination is causally connected to her complaints of age discrimination.

40. As a result of Merchants' illegal actions, Ms. Hall has suffered damages including lost wages and emotional distress.

## PRAYER FOR RELIEF

Wherefore, Ms. Hall demands judgment against Merchants as follows:

1. An award of compensatory damages for all economic damages suffered by Ms. Hall in an amount to be determined at trial;

2. An award of liquidated damages in an amount equal to her economic damages;

3. For an order reinstating Ms. Hall to her previous position at the Merchants, inclusive of all pay increases and benefits to which she would have been entitled had she not been terminated, or in the alternative, an award of front pay;

4. For an award of Ms. Hall's reasonable attorney fees and costs;

5. For an award of punitive damages in an amount to be determined at trial;

6. For an award of any other relief in law or equity to which Ms. Hall is entitled under the premises.

Respectfully submitted,

/s/ Marc D. Mezibov
Marc D. Mezibov (OH No. 0019316)
Daniel J. Treadaway (OH No. 0098000)
MEZIBOV BUTLER
615 Elsinore Place, Suite 105
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
mmezibov@mezibov.com
dtreadaway@mezibov.com

*Attorneys for Plaintiff Carol Hall*

## JURY DEMAND

Plaintiff Carol Hall demands that all issues of fact in the foregoing complaint be tried by a jury.

/s/ Marc D. Mezibov
Marc D. Mezibov (OH No. 0019316)